**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DWIGHT WILLIAM ECKERT, SR., et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-5546** |
| **ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, et al.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Third-Party Plaintiff Administrators of the Tulane Education Fund's ("Tulane") "Motion to Remand or for Other Appropriate Relief."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

The claim currently pending before the Court arises out of a state court proceeding, originally filed on November 2, 2012, in which Tulane was named as one of seventeen defendants in a civil action seeking recovery for an injury allegedly suffered by Dwight William Eckert, Sr. ("Eckert"), as a result of occupational exposure to asbestos.[2] After obtaining information regarding insurance coverage applicable to the period during which Eckert was employed by Tulane, Tulane filed a third-party complaint against St. Paul Fire and Marine Insurance Co. ("St. Paul") and U.S. Fire Insurance Co. ("U.S. Fire") on October 29, 2014.[3] Both insurers were also named as direct action

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 9-1 at p. 2. Eckert died five days after the suit was filed, and his son, Dwight William Eckert, Jr. was substituted as the plaintiff, asserting a survival action and claims for wrongful death. *Id.*

[3] *Id.*

1

defendants in a second amended petition filed by the plaintiff on October 30, 2014.[4] After discovery revealed additional information regarding relevant insurance coverage, Tulane filed an amended Third Party Demand on September 25, 2015, naming as additional third-party defendants ACE Group d/b/a in Louisiana as ACE American Insurance Co. and ACE Property and Casualty Insurance Co. ("ACE"); Westchester Fire Insurance Co. ("Westchester"); and Crum & Forster Specialty Insurance Co. ("Crum & Forster").[5] Meanwhile, Tulane reached a settlement with the plaintiff, and plaintiff's claims against Tulane were dismissed by order of the state court on October 5, 2015.[6] On October 27, 2015, the plaintiff's direct action claims against St. Paul and U.S. Fire were dismissed as well.[7]

St. Paul filed a Notice of Removal on October 29, 2015, seeking to remove what it claimed to be the only remaining claims in this case, namely those brought by Tulane against St. Paul, U.S. Fire, ACE, Westchester, and Crum & Forster.[8] On November 30, 2015, Tulane filed a "Motion to Remand or for Other Appropriate Relief."[9] On December 11, 2015, St. Paul requested a status conference to discuss Tulane's motion,[10] which the Court denied on the basis that St. Paul had not filed an opposition and that the parties appeared to be seeking an advisory opinion from the Court.[11]

---

[4] *Id.*

[5] *Id.* at pp. 2–3.

[6] *Id.* at p. 3.

[7] *Id.*

[8] Rec. Doc. 1 at p. 2.

[9] Rec. Doc. 9.

[10] Rec. Doc. 11.

[11] Rec. Doc. 13.

On December 24, 2015, St. Paul filed an opposition.[12]

## II. Parties' Arguments

### A.      *St. Paul's Notice of Removal*

In its Notice of Removal, St. Paul argues that the only remaining claims in this case are those brought by Tulane, whom it refers to as Plaintiff, against St. Paul, U.S. Fire, ACE, Westchester, and Crum & Forster, whom it refers to as "Defendants."[13] St. Paul claims that all of the "Defendants" consent to St. Paul's removal of the action, and that removal is appropriate because there is complete diversity of citizenship and the amount in controversy is met.[14] According to St. Paul, Tulane is a citizen of Louisiana, St. Paul is a citizen of Connecticut, U.S. Fire is a citizen of Delaware and New Jersey, ACE is composed of two companies, both of which are citizens of Pennsylvania, Westchester is a citizen of Pennsylvania, and Defendant Crum & Forster was a citizen of Arizona and New Jersey, and is now a citizen of Delaware and New Jersey.[15]

St. Paul argues that third-party defendants are allowed to remove a third-party demand to federal court, on the basis of diversity, after the state trial court has severed or dismissed the main demand.[16] St. Paul relies on the Fifth Circuit case of *Central of Georgia Railway Co. v. Riegel Textile Corp.*, in which St. Paul claims the Fifth Circuit held that such a removal would not have the effect of defeating the original plaintiff's choice of forum, and that, in such a case, the removing

---

[12] Rec. Doc. 15.

[13] Rec. Doc. 1 at p. 2.

[14] *Id.* at p. 3, 7.

[15] *Id.* at pp. 3–4.

[16] *Id.* at p. 4.

party would be "as much a 'defendant' as if an original action had been brought against him."[17] St.
Paul also quotes an Eastern District of Louisiana case recognizing that allowing third-party removal
after severance or dismissal of a plaintiff's cause of action merely "permits a third-party defendant
to do what he could have, had the third-party complaint been filed as a separate lawsuit—remove
the matter based on diversity."[18]

St. Paul also avers that removal is timely and otherwise proper because Tulane filed its third-
party demand on October 30, 2014, St. Paul was served through the Louisiana Secretary of State on
November 20, 2014, and the original plaintiff dismissed Tulane from the underlying state court
action on October 5, 2015 and dismissed St. Paul and U.S. Fire on October 27, 2015.[19] Thus, St. Paul
contends, the Notice was timely filed on October 29, 2015, within 30 days after receipt, by the
defendant, of a copy of an amended pleading, motion, order or other paper from which it may first
be ascertained that the case had become removable, pursuant to 28 U.S.C. § 1446(b)(3) and within
one year of the commencement of the original third-party demand, according to 28 U.S.C. §
1446(c).[20]

**B.    *Tulane's Arguments in Support of Remand***

In its "Motion to Remand or for Other Appropriate Relief," Tulane asserts that although it
has no objection to litigating in federal court, and it is willing to waive procedural defects in St.
Paul's removal, it is concerned that the Court nevertheless lacks subject matter jurisdiction over the

---

[17] *Id.* at pp. 4–5 (quoting 426 F.2d 935, 938 (5th Cir. 1970)).

[18] *Id.* at p. 5 (quoting *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, No. 02-1486, 2002 WL 31001838, at *3–4 (E.D. La. 2002)).

[19] *Id.* at p. 8.

[20] *Id.* at pp. 8–9.

4

claim before it.[21] As background, Tulane explains that of the seventeen defendants originally named

by the plaintiff in the original Petition, eight were served, filed responsive pleadings, and were

dismissed from the lawsuit prior to St. Paul's removal of the case.[22] However, Tulane contends, there

remain six defendants who were served, filed responsive pleadings, and had not been dismissed from

the action as of the date that St. Paul filed its notice of removal: Schneider Electric USA, Inc.

("Schneider"),[23] ANCO Insulations, Inc. ("ANCO"), Eagle, Inc. ("Eagle"), The McCarty Corp.

("McCarty"), Montello, Inc. ("Montello"),[24] and Union Carbide Corp. ("Union Carbide").[25] Tulane

contends that St. Paul therefore misrepresented to the Court that the "only remaining claims in this

case are the claims brought by Tulane" against third-party defendant insurers.[26] Tulane asserts that

St. Paul purported to revise the caption of the case from *Dwight William Eckert, Sr. v. The

Administrators of the Tulane Educational Fund, et al.* to one naming Tulane as the plaintiff and St.

Paul and the other insurer third-party defendants as defendants.[27]

      Tulane avers that the Court issued a directive on November 5, 2015 using the original

caption of the action, rather than the new caption used by St. Paul, which directed St. Paul to provide

(a) a list of all parties still remaining in the action, (b) copies of all pleadings filed by those parties

---

[21] Rec. Doc. 9-1 at p. 1.

[22] *Id.* at p. 3.

[23] Tulane contends that Schneider filed a joint motion to dismiss the claims against it five days after St. Paul removed the case. *Id.* at p. 4.

[24] Tulane contends that Montello also filed a still-pending third-party claim against Union Carbide Corp. *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at p. 5.

in state court, and (c) copies of the returns on service of process on those parties filed in state court.[28] However, Tulane claims, St. Paul's Notice of Compliance with Removal Procedure, filed on November 12, 2015, reverted to St. Paul's revised caption and provided a "list of all parties remaining in the action" identifying only Tulane and the third-party defendant insurers.[29]

Tulane argues that St. Paul has failed to follow the proper procedure for removing a case to federal court, particularly in purporting to remove only the third-party claims asserted by Tulane against the third-party defendant insurers rather than the entire action.[30] Tulane also argues that St. Paul also failed to obtain consent of all defendants to the action to removal and failed to remove the action to federal court within one year of its commencement.[31]

Tulane avers that its greatest concern is the apparent lack of diversity between one of the defendants remaining in the action at the time of removal, Union Carbide, and the original plaintiff, Dwight W. Eckert, Sr., as well as the current plaintiff, Dwight W. Eckert, Jr., all of whom are citizens of Texas.[32] Tulane maintains that although St. Paul purported to remove only Tulane's third-party claims, the propriety of the partial removal was based on the false premise that all claims in the main demand had been dismissed, and thus any removal necessarily would have effected removal of the entire action.[33]

Tulane argues that long-established case law holds that a third-party defendant is not a

---

[28] *Id.* (citing Rec. Doc. 4).

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at p. 6.

[33] *Id.* at p. 6. n.19.

"defendant" within the meaning of 28 U.S.C. § 1446, which allows a "defendant or defendants" to remove civil actions to federal court.[34] Tulane avers that in *Carl Heck Engineers, Inc. v. Lafource Parish Police Jury*, the Fifth Circuit created a very limited exception to the rule prohibiting third-party defendant removals, allowing such removals only where the third-party claims were "separate and independent claims" and the basis for subject matter jurisdiction over the main demand was the existence of a federal question, rather than diversity of citizenship.[35] Moreover, Tulane argues, even in the cases that fall within the *Carl Heck* exception, it is the entire action, not simply the third-party claims, that is removable.[36]

Tulane argues that St. Paul relies on a Fifth Circuit decision from 1970, as well as a 2002 decision from the Eastern District of Louisiana, as authority supporting this removal.[37] According to Tulane, however, neither case supports removal here.[38] First, Tulane claims, in *Central of Georgia Railway Co. v. Riegel Textile Corp.*, the Fifth Circuit case relied upon by St. Paul, the original plaintiff filed a FELA claim against Central, and Central filed a third-party complaint against Riegel, claiming contractual indemnity.[39] According to Tulane, Riegel petitioned for removal of the case, based upon § 1441(c), but the federal court remanded, finding that the third-party complaint did not

---

[34] *Id.* at p. 7.

[35] *Id.* (citing 14C Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3722.2, 2015 Supplement, p. 203; *Carl Heck Engineers, Inc. v. Lafourche Par. Police Jury*, 622 F.2d 133 (5th Cir. 1980)).

[36] *Id.*

[37] *Id.* at pp. 7–8.

[38] *Id.* at p. 8.

[39] *Id.* (citing 426 F.2d 935 (5th Cir. 1970)).

raise a "separate and independent claim."[40] Tulane avers that once the case returned to state court, the plaintiff moved to strike the third-party complaint on the grounds that it unduly prejudiced his claim.[41] According to Tulane, the trial court then severed the third-party complaint for trial purposes and set the original action for trial, at which point Riegel again petitioned for removal, relying on § 1441(c).[42] Tulane avers that the federal district court granted the plaintiff's motion to remand as to the FELA action, but denied the remand with respect to the third-party indemnity claim.[43]

According to Tulane, the Fifth Circuit recognized the authorities holding that third-party defendants generally are not permitted to remove cases to federal court and noted that a primary rationale supporting the rule against third-party defendant removal is to avoid interfering with the plaintiff's choice of forum.[44] Tulane claims that the Fifth Circuit concluded, however, that when a state court has ordered a severance of the third-party claim from the principal action based upon "a determination that expediency and the interest of the parties were best served by treating the case as two lawsuits, . . . [a] federal court may respect that determination" and allow removal of the severed third-party action alone.[45] Tulane argues that it was crucial to the Fifth Circuit's decision that, in those circumstances, the plaintiff's choice of forum was unaffected.[46]

Tulane acknowledges that although it does not appear that other federal circuits have adopted

---

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.* (citing *Central of Georgia Railway Co.*, 426 F.2d at 938).

[45] *Id.* (quoting *Central of Georgia Railway Co.*, 426 F.2d at 938).

[46] *Id.*

the Fifth Circuit's reasoning in *Riegel*, the Fifth Circuit has never disavowed it and it presumably remains good law in this Circuit.[47] Moreover, Tulane asserts, another section of the Eastern District of Louisiana, in *Johns, Pendleton & Associates v. Miranda, Warwick & Milazzo*, extended the *Riegel* rule to a case in which all claims other than the third-party claims at issue had been dismissed, finding that such a situation was analogous to one in which the third-party claims had been severed from the principal action by the state court.[48] In that case, Tulane contends, Johns, Pendleton, & Associates ("Johns"), a court reporting service, filed suit on open account in state court against Miranda Warwick, a law firm, seeking recovery for various court reporting services it had provided when the law firm had represented Reliance Insurance Co. ("Reliance").[49] According to Tulane, Miranda Warwick then filed a third-party action against Reliance's liquidation administrator, alleging that it was due payment from the liquidator for the amounts sought by Johns, as well as larger sums for its own services.[50] Tulane avers that the liquidator paid Johns for the original claim it brought against Miranda Warwick, and Johns therefore dismissed its claim against the firm.[51] According to Tulane, the liquidator then removed the case to federal court based on diversity of citizenship, and the Eastern District of Louisiana denied Miranda Warwick's motion to remand, reasoning that allowing a third party to remove a case after the severance or dismissal of the plaintiff's cause of action would not destroy an original plaintiff's choice of forum, as the

---

[47] *Id.* at p. 9.

[48] *Id.* (citing No. 02-1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002) (Duval, J.)).

[49] *Id.*

[50] *Id.*

[51] *Id.*

original plaintiff no longer had any interest in the matter.[52]

Tulane argues that the *Johns, Pendleton* holding and its rationale clearly do not apply to this action, because still pending at the time of removal were six claims asserted by the plaintiff against defendants in the principal action.[53] Furthermore, Tulane claims, there has been no severance of the third-party claims from the principal action, nor is there the functional equivalent of such a severance by virtue of dismissal of all claims in the principal action.[54] Thus, Tulane argues, St. Paul has no statutory or jurisprudential basis for removing one part of the action to federal court, nor does it have authority to remove the entire case because it is a third-party defendant.[55] According to Tulane, "[i]t is unclear whether St. Paul's attempted removal of one part of the Action would be considered a procedural or jurisdictional defect. Removal of some pending claims and not others is so patently unauthorized by the removal provisions of Title 28 that it might be considered a nullity that cannot be subject to waiver by an opposing party."[56] Tulane argues that treating such a removal as a waivable procedural defect would improperly allow the parties to stipulate a severance of their claims from the rest of an action pending in state court and constitute a troubling affront to comity and the presiding state court's authority, in contrast to the rationale underlying the Fifth Circuit's decision in *Riegel*, which favored deference to a state court's decision to sever the third-party claims for the rest of the action.[57]

---

[52] *Id.* at pp. 9–10 (citing 2002 WL 31001838, at *12).

[53] *Id.* at p. 10.

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.*

Furthermore, Tulane avers, there are a number of removal defects that are clearly procedural and which "Tulane should be able to waive."[58] Specifically, Tulane argues that St. Paul's removal was not timely because the case was commenced on November 2, 2012, nearly three years before St. Paul filed its Notice of Removal.[59] Tulane asserts that it is irrelevant that St. Paul was not a party to the lawsuit at the time the one-year limitation expired in November of 2013, as the case law establishes that the period runs from the filing of the lawsuit, not the joinder of the defendant or the third-party defendant seeking removal.[60] Tulane also argues that St. Paul failed to establish consent to removal by all defendants, noting that Tulane did not establish that any of the six served, undismissed defendants joined in the removal and that only the third-party defendant insurers were shown to have consented to removal.[61]

More importantly, Tulane argues, the Court lacks subject matter jurisdiction in the current procedural posture because the decedent, and the surviving plaintiff, are residents of Texas, and Union Carbide, a defendant in the original matter, is also a citizen of Texas.[62] Tulane claims that its counsel spoke to counsel for Union Carbide, who indicated that the company had reached a settlement in principle with the plaintiff.[63] However, Tulane avers, it was unclear at the time of that conversation when the parties would be ready to finalize the settlement and file a motion to

---

[58] *Id.* at p. 11.

[59] *Id.* at p. 12.

[60] *Id.* (citing *Hedges v. Hedges Gauging Serv., Inc.*, 837 F. Supp. 753, 754–55 (M.D. La. 1993); *Lytle v. Lytle*, 982 F. Supp. 671 (E.D. Mo. 1997); *In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 476 n.4 (8th Cir. 1995); *Perez v. General Packer, Inc.* 790 F. Supp. 1464, 1469 (C.D. Cal. 1992)).

[61] *Id.*

[62] *Id.* at p. 13.

[63] *Id.*

dismiss.[64]

Tulane states that the purpose of its motion is to address the uncertainty regarding which portion of the case was actually removed and, if necessary, provide means to assure the dismissal of any claims that must be eliminated to assure that the Court has subject matter jurisdiction over Tulane's claims.[65] As possible solutions, Tulane suggests that, if the entire action was removed, the Notice of Compliance with Removal Procedure should be amended to add the remaining defendants and their counsel to the listing.[66] Tulane also urges the settlement between the original plaintiff and Union Carbide so that the plaintiff's claim may be dismissed.[67] In the alternative, Tulane suggests that the Court could remand the case to Civil District Court and St. Paul could file a motion to sever the third-party claims asserted by Tulane from the principal action, after which St. Paul and other third-party defendants could file a new Notice of Removal.[68] Tulane states that it would agree not to object to the untimely filing of the new Notice.[69] In short, Tulane argues, it does not object to litigating the claims in federal court and is prepared to waive its objections to those procedural defects that are clearly waivable, but expresses its concerns that the removal, as executed, would compromise the validity of any judgment by the Court in light of its potential lack of subject matter jurisdiction.[70]

---

[64] *Id.*

[65] *Id.* at pp. 13–14.

[66] *Id.* at p. 14.

[67] *Id.*

[68] *Id.*

[69] *Id.*

[70] *Id.* at pp. 14–15.

### C.    *St. Paul's Arguments in Opposition to Remand*

In opposition, St. Paul argues that the action was properly removed to federal court because at the time of removal, all of the parties to the third-party demand, including Tulane and the insurers, were no longer parties to the plaintiff's main demand.[71] According to St. Paul, the original plaintiff's claims against the remaining tort defendants are "completely unrelated to Tulane and Tulane's claims for insurance coverage against its insurers."[72] St. Paul claims that Tulane filed an amended third-party demand on September 25, 2015, naming ACE, Westchester, and Crum & Forster as additional third-party defendants, but that at the time of removal on October 29, 2015, Tulane, St. Paul and U.S. Fire had all been dismissed from the original plaintiff's main demand, and none of the newly added third-party insurer defendants were ever parties to the original plaintiff's main demand.[73] Thus, St. Paul contends, on the date of removal, there were no claims pending between the original plaintiff (or any other remaining party to the main demand) and Tulane, St. Paul, U.S. Fire, ACE, Westchester, or Crum & Forster.[74]

St. Paul concedes that Tulane has correctly noted that St. Paul only removed a portion of the state court action.[75] St. Paul alleges that such a removal was appropriate based upon the isolated nature of Tulane's third-party demand.[76] St. Paul states that it captioned its notice of removal *The Administrators of Tulane Education Fund d/b/a/ Tulane University v. St. Paul Fire and Marine*

---

[71] Rec. Doc. 15 at pp. 1–2.

[72] *Id.* at p. 2.

[73] *Id.* at pp. 2–3.

[74] *Id.* at p. 3.

[75] *Id.*

[76] *Id.*

*Insurance Co. et al.* to make clear that it was removing only Tulane's third-party demand against St. Paul, U.S. Fire, ACE, Westchester, and Crum & Forster, and not to mislead the Court.[77]

Furthermore, St. Paul claims that it agrees with Tulane that the Fifth Circuit's limited exception for "separate and independent claims" under *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury* does not apply to the facts of this case.[78] Instead, St. Paul argues, it removed the case pursuant to 28 U.S.C. § 1441(a), which allows the removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction.[79] St. Paul claims that although generally, third-party demands are not removable, the Fifth Circuit and the Eastern District of Louisiana have recognized an exception wherein third-party defendants may remove third-party demands to federal court, on the basis of diversity jurisdiction, after the state trial court has severed or dismissed the main demand.[80] St. Paul argues that although Tulane has claimed that "[r]emoval of some pending claims and not others is so patently unauthorized by the removal provisions of Title 28 that it might be considered a nullity that cannot be subject to waiver by an opposing party," Tulane cites no authority for the proposition, and in fact the Eastern District of Louisiana allowed precisely that situation in *Johns, Pendleton & Associates v. Miranda, Warwick & Milazzo*.[81] St. Paul rejects Tulane's argument that *Johns, Pendleton* does not apply to this case because there was no severance of the third-party claims from the main demand, nor a functional equivalent of such a severance by virtue of dismissal of all claims in the principal action, arguing that *Johns, Pendleton*

---

[77] *Id.* at pp. 3–4, 4 n.10.

[78] *Id.* at p. 5 (citing 622 F.2d 133 (5th Cir. 1980)).

[79] *Id.*

[80] *Id.* at p. 6 (citing *Central of Ga. Ry. Co. v. Reigel Textile Corp.*, 426 F.2d 935, 937 (5th Cir. 1970)).

[81] *Id.* at p. 7 (citing 02-1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002)).

does not require that all claims in the main demand be dismissed, but only that "the main demand was resolved separate and apart from the third-party complaint."[82]

Here, St. Paul argues, the original plaintiff dismissed his claims against Tulane, St. Paul, and U.S. Fire, and never brought claims against ACE, Westchester, or Crum & Forster.[83] Furthermore, St. Paul claims, the main demand against Tulane and its insurers, including St. Paul and U.S. Fire, is completely resolved and the original plaintiff's remaining claims against other tort defendants are irrelevant.[84] St. Paul argues that Tulane's third-party demand is now "essentially a separate lawsuit," and as in *Johns, Pendleton*, allowing St. Paul to remove the third-party demand does not run afoul of policy concerns that a third-party defendant should not be permitted to destroy an original plaintiff's choice of forum.[85]

Next, St. Paul avers that the insurer obtained the consent of all defendants to Tulane's third-party demand.[86] According to St. Paul, because it only removed a portion of the case, the Court need only consider whether the defendants to Tulane's claims provided consent to removal, which they did.[87] Similarly, St. Paul argues that the Court does not lack jurisdiction due to the "apparent lack of diversity" between Union Carbide, an original defendant, and the original plaintiff, because neither is a party in the removed portion of the action.[88]

---

[82] *Id.* (quoting *Johns, Pendleton & Assocs.,* 2002 WL 31001838, at *3).

[83] *Id.* at p. 8.

[84] *Id.*

[85] *Id.*

[86] *Id.*

[87] *Id.* at pp. 8–9.

[88] *Id.* at p. 10.

St. Paul argues that removal of the case on October 29, 2015 was timely because Tulane's third-party demand "is the initial pleading in its third-party action against St. Paul," and that demand was filed, via a motion for leave to file, on October 29, 2014.[89] In fact, St. Paul argues, one of the reasons that it did not seek to first sever the third-party demand was that the original plaintiff did not dismiss St. Paul and U.S. Fire from the underlying state court action until October 27, 2015, leaving just two days for St. Paul to remove the action within the one-year statutory window.[90] St. Paul avers that its Notice of Removal was timely filed within thirty days of the case first becoming removable and within one year of the commencement of the original third-party demand, in accordance with 28 U.S.C. § 1446(c)(1).[91]

Finally, St. Paul states that although it maintains that its removal was proper under the law, it does not object to Tulane's suggested "remedies" to any alleged deficiencies.[92] St. Paul asserts, however, that Tulane's request to remand the action to state court for a severance, only to have the matter removed again after severance, would be unnecessary and a waste of judicial resources.[93]

### III. Law and Analysis

#### A. Legal Standard on a Motion to Remand

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[94] A federal court has subject matter jurisdiction over an action

---

[89] *Id.* at p. 11.

[90] *Id.* at pp. 11–12.

[91] *Id.* at p. 12.

[92] *Id.*

[93] *Id.*

[94] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

"where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[95] "When removal is based on diversity of citizenship, diversity must exist at the time of removal."[96] The removing party bears the burden of demonstrating that federal jurisdiction exists.[97] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[98] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[99]

As a "party may neither consent to nor waive federal subject matter jurisdiction,"[100] it follows that "the right to secure a remand in the absence of federal jurisdictional subject matter cannot be waived."[101] However, certain procedural defects in removal, such as timeliness of removal, may be waived, so long as such defects do not threaten a federal court's subject matter jurisdiction.[102]

---

[95] 28 U.S.C. § 1332(a)(1).

[96] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).

[97] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[98] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[99] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[100] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[101] *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 662 (7th Cir. 1976) (citing 14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3739 (2d. ed. 1976)); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329 (5th Cir. 2004) (remanding case to state court after plaintiff objected to subject matter jurisdiction for first time on appeal).

[102] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable . . .; the latter is not . . . . ") (citations omitted); *id.* at 1544 ("[A] 'procedural' defect is any defect that does

**B.**      *Analysis*

Tulane and St. Paul primarily contest two related issues: (1) whether the removal statute allows for a party to remove just a portion of, rather than an entire, case; and (2) whether St. Paul, as a third-party defendant, was capable of removing any portion of the case pursuant to the Fifth Circuit's decision in *Central of Georgia Railway Co. v. Riegel Textile Corp.*,[103] as expanded by the non-binding Eastern District of Louisiana case, *Johns, Pendleton & Associates v. Miranda, Warwick & Milazzo, P.C.*[104]

St. Paul concedes that some of the alleged defects raised by Tulane would raise issues if the entire case had been removed, but argues that it removed only a portion of the state court action.[105] Citing limited authority, St. Paul alleges that such a removal was appropriate based upon the isolated nature of Tulane's third-party demand.[106] Specifically, St. Paul contends that Tulane has cited no authority for its proposition that "[r]emoval of some pending claims and not others is so patently unauthorized by the removal provisions of Title 28 that it might be considered a nullity that cannot be subject to waiver by an opposing party."[107] In fact, St. Paul contends, the Eastern District of Louisiana allowed precisely that situation in *Johns, Pendleton & Associates v. Miranda, Warwick & Milazzo*, where St. Paul contends that the court held that, in order for a third-party defendant to remove a case, "the main demand [must be] resolved separate and apart from the third-party

---

not go to the question of whether the case originally could have been brought in federal district court . . . .").

[103] 426 F.2d 935 (5th Cir. 1970).

[104] No. 02-1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002) (Duval, J.).

[105] Rec. Doc. 15 at p. 3.

[106] *Id.*

[107] *Id.* at p. 7.

18

complaint," but all claims in the main demand need not be dismissed.[108]

St. Paul is mistaken in two respects. First, the removing party—in this case, St. Paul—bears the burden of demonstrating that federal jurisdiction exists.[109] Therefore, it is St. Paul's failure to cite case law authorizing the removal of a portion of a case rather than an entire action, more so than Tulane's proposition that such a removal might be considered a nullity, that troubles the Court. Second, and more importantly, St. Paul's reliance on *Johns, Pendleton* is misplaced. Although this Court is not bound to follow the holding of *Johns, Pendleton*, even if it chose to do so, the case does not involve the factual scenario that St. Paul claims it does. St. Paul argues that *Johns, Pendleton* allows "precisely" the situation St. Paul seeks to create here—the removal of some third-party claims while other portions of the case remain pending in state court.[110] In *Johns, Pendleton*, however, the direct action that would have otherwise prohibited removal had been entirely resolved.[111] In fact, the District Court in *Johns, Pendleton* explained that the reason that the case was analogous to the Fifth Circuit's decision in *Riegel*, which involved a severed claim, was that the main demand in the instant case had been dismissed with prejudice and the original plaintiff was no longer a party to the case, creating the same result as a severance.[112] In *Johns, Pendleton*, once the third-party demand was removed, no portion of the case remained ongoing in state court.[113] That is

---

[108] *Id.* at p. 7 (citing 02-1486, 2002 WL 31001838 (E.D. La. Sept. 4, 2002)).

[109] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[110] Rec. Doc. 15 at p. 7.

[111] *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, No. 02-1486, 2002 WL 31001838, at *3 (E.D. La. Sept. 4, 2002).

[112] *Id.* ("Allowing [the third-party defendant] to remove the third-party cause of action between it and [the third-party plaintiff] does not threaten Johns, Pendleton's forum selection—as it no longer has any interest in the matter.").

[113] *See id.* at *1.

not the situation presented here, where the original plaintiff's claims against at least six defendants remain pending.[114]

Although St. Paul is correct that the original plaintiff's direct action against it and the other third-party defendants has resolved, it cites no other authority for the proposition that the resolution of any direct action between a plaintiff and third-party defendants automatically severs the claims such that a third-party defendant may remove "its" portion of the case without implicating any other claims that remain in the action. Instead, St. Paul urges the Court to find that "[o]riginal plaintiff's claims against the other remaining tort defendants are completely unrelated to Tulane and Tulane's claims for insurance coverage against its insurers."[115] St. Paul may be correct in a broad sense regarding the legal issues, but it incorrectly encourages the Court to treat claims filed in the same lawsuit as if they were automatically severed solely by St. Paul's adamant insistence that the third-party claims are unrelated and therefore can be independently removed to federal court as per *Johns, Pendleton*. Such an expansive reading of *Johns, Pendleton*—which the Court reiterates is an unpublished, district court opinion whose reasoning has not been adopted by the Fifth Circuit—is wholly unsupported by the removing party.[116]

Neither party adequately briefs the Court regarding the central issue of whether a party may remove only a portion of a state court proceeding, thereby essentially severing claims of its own

---

[114] Rec. Docs. 9-1 at p. 4.

[115] Rec. Doc. 15 at p. 2.

[116] In fact, although similarly not binding on this Court, a decision by a magistrate judge in the Middle District of Louisiana held that removal is inappropriate in an analogous situation in which a third-party defendant prematurely sought to remove a case where the main demand had settled, but had yet to be formally dismissed by the state court. *Scheurich v. Agrico Chem. Co.*, No. 08-151, 2008 WL 4298449, at *3 (M.D. La. Sept. 16, 2008).

accord and without court action. Section 1441(a), invoked by St. Paul as the basis of its removal of the third-party claims, states that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Interpreting the statute, numerous courts have found that the term "any civil action" in § 1441(a) encompasses an entire case, and not merely certain claims.[117] In examining the issue, a Northern District of Texas court explained that the legislative history of the statute bolsters this interpretation, as "[t]he Revision Notes from 1948 state that '[p]hrases such as "in suits of a civil nature, at law or in equity," the words "case," "cause," "suit," and the like have been omitted and the words "civil action" substituted in harmony with Rules 2 and 81(c) of the Federal Rules of Civil Procedure.'"[118]

Removal is automatic; once a case is removed to federal court, a state court is without power to proceed in a case.[119] Once a case has been removed, the entire case is removed, and portions thereof may be subject to remand.[120] Therefore, although Tulane may be able to waive any of St.

---

[117] *See, e.g.*, *Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. 2012); *Horn v. Kmart Corp.*, No. 1:06-493, 2007 WL 1138473, at *4 (S.D. Ohio Apr. 16, 2007); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 192 (D. Conn. 2005).

[118] *Jackson v. Wal-Mart Stores Tex., LLC*, 925 F. Supp. 2d 810, 813 (N.D. Tex. 2013) (quoting 28 U.S.C. § 1441(a) (Revision Note 1948)).

[119] *See Butler v. King*, 781 F.2d 486, 488 (5th Cir. 1986); Karl Oakes, 29A *Federal Procedure, Lawyers Edition* § 69:99 ("Upon filing a copy of the notice of removal in state court, removal is automatic and the state court may proceed no further unless and until the case is remanded. The jurisdiction of the federal court is complete and the further actions, if any, of the state court are void. The state court's jurisdiction over the action is suspended from the moment of removal.") (footnotes omitted);

[120] *Cf., e.g.*, 28 U.S.C. § 1441(c) (stating that, upon removal of an action containing both claims arising under 28 U.S.C. § 1331 and claims that are not within the original or supplemental jurisdiction of the district court, the entire case may be removed, after which a "district court *shall sever* from the action" any claims over which the federal court lacks jurisdiction and "*shall remand* the severed claims to the State court from which the action was removed") (emphasis added).

Paul's procedural defects or failure to abide by the removal statute, the parties cannot simply agree, after-the-fact, to remove only a single portion of a case. Indeed, a finding to the contrary would render unnecessary the holdings in *Riegel* and *Johns, Pendleton*; discussions of neither severance nor dismissal of claims would appear to be warranted if a third-party defendant could simply unilaterally sever any third-party claims against it that would otherwise meet the criteria of 28 U.S.C. § 1332. In *Riegel*, the Fifth Circuit reasoned that third-party defendants may remove cases to federal court in the limited circumstances in which a plaintiff's main demand had been severed, on the basis that such a removal "would not have the effect of defeating [a] plaintiff's choice of forum," because the plaintiff's action would, by virtue of the severance, be unaffected.[121] Such a decision implies that, without a formal severance, the entire case would be subject to removal. Moreover, the Fifth Circuit explicitly considered the possibility that a state court may *refuse* to sever a case in order "to promote settlements by keeping in one court actions growing out of the same transaction," and encouraged state trial courts to consider such a possibility "in making its decision whether or not to sever."[122] The Fifth Circuit therefore implicitly recognized that some court action, and not the mere agreement of certain parties, is required to effect the kind of severance that St. Paul argues occurred here.[123]

As noted above, the removing party bears the burden of demonstrating that federal

---

[121] *Central of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 938 (5th Cir. 1970).

[122] *Id.*

[123] St. Paul appears to implicitly recognize the need for such state action as well, as evidenced by its admission that one of the reasons that it did not seek to first sever the third-party demand was that the original plaintiff did not dismiss St. Paul and U.S. Fire from the underlying state court action until October 27, 2015, leaving just two days for St. Paul to remove the action within the one-year statutory window. Rec. Doc. 15 at pp. 11–12.

jurisdiction exists.[124] Furthermore, in assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[125] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[126] Therefore, the Court finds that, despite its protestations to the contrary, St. Paul is mistaken in its claim that it removed only a portion of the case. Instead, St. Paul effectively removed the entire case. It is undisputed by the parties that the original plaintiff and Union Carbide, a defendant in the case, are both citizens of Texas, and no federal cause of action has been asserted. The Court therefore lacks subject matter jurisdiction over the case, and must remand.

The parties also dispute whether St. Paul's removal was timely.[127] Timeliness is clearly a procedural defect subject to waiver.[128] Although it is unclear why Tulane chose to brief the Court on the timeliness of St. Paul's removal given its clear indication that it would be willing to waive any objection to the alleged procedural defect, because Tulane appears only to express concerns regarding jurisdictional flaws of removal, the Court need not address the issue of timeliness.

As a final matter, presuming the state court grants St. Paul's request for a severance, St. Paul

---

[124] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[125] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[126] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[127] Rec. Docs. 9-1 at pp. 11–12; 15 at pp. 10–12.

[128] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("It is undisputed that the suit was not timely removed. But the time limitation for removal is not jurisdictional; it is merely modal and formal and may be waived.").

correctly notes that remanding the action "to state court for a severance only to have this matter removed again after a severance is . . . a waste of judicial resources and efficiency."[129] The flaw in removal, however, was jurisdictional rather than procedural and may not be remedied by this Court, which is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*,[130] and to determine that complete diversity existed at the time of removal,[131] even if all parties wish desperately to remain in federal court. To the extent that judicial resources are wasted in resolving the jurisdictional defaults herein, the fault lies with St. Paul's failure to abide by the requirements, procedural and otherwise, of § 1441(a), rather than with the Court.

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Tulane's motion to remand[132] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __14th__ day of January, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[129] Rec. Doc. 15.

[130] *See H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000).

[131] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).

[132] Rec. Doc. 9.